## Commonwealth v. Gouley.

*Criminal law and procedure—False pretence—Misrepresentation of collateral matter—Indictment—Motion to quash.*

Where a defendant was indicted for false pretence in obtaining a contract to adjust certain fire losses, and it appears that he was in fact an insurance adjuster, and the only misrepresentation charged was with regard to certain other contracts for similar adjustments which he claimed he had obtained, a motion to quash the indictment should be sustained. A lie as to a collateral matter is not sufficient upon which to base an indictment for false pretence.

Motion to quash indictment. Q. S. Dauphin Co., Jan. Sess., 1924, No. 164.

*Walter R. Sohn, John A. F. Hall* and *Harry Cohen*, for motion.

*Michael E. Stroup* and *Samuel Handler*, contra.

Fox, J., April 14, 1924.—The indictment in this case in substance charges that the defendant unlawfully and fraudulently and with intent to cheat and defraud them, represented to J. D. and Lewis D. Cohen, copartners, that he had procured like contracts to adjust insurance losses from the Twentieth Century Shoe Company, the Commonwealth Silk Shop and Goodman's Fur Shop, and thereby obtained a contract from the copartners to adjust their fire loss, all of which losses occurred in the same fire.

The information in the case avers, in substance, that the defendant represented to the copartners that he had obtained and secured contracts from the Twentieth Century Shoe Company, the Commonwealth Silk Shop and Goodman's Fur Shop, persons who had sustained losses in the same fire as the prosecutor, and by reason of the allegation, the defendant obtained and secured the signature of the prosecutor and his copartner to a contract for the adjustment of their loss; that the said representations were false and fraudulent, and made with intent to cheat and defraud deponent.

It was admitted at the argument that the defendant was or represented a fire insurance adjuster. He, therefore, had a right to obtain the contract from the prosecutor and his copartner. We think what he said as to having obtained other contracts relating to the loss in the same fire was a collateral matter. We do not think it was such representation of a fact that would calculate to mislead a man of ordinary prudence. The copartners wished

Commonwealth v. Gouley.

their loss adjusted, the defendant was an adjuster and offered his services. By the contract they received what they wanted—the services of an adjuster. Whether or not he was acting for other people in a similar manner was a collateral matter, and if the statement was false that he was acting for others, it was a false statement concerning a collateral matter, and what was said by the court in the case of Com. *v.* Springer, 25 W. N. C. 290, referring to a statement concerning a collateral matter inducing the prosecutor to purchase: "This I do not think comes up to the standard fixed by Judge King, viz.: 'As to the existence of some fact calculated to impose upon a man of common and ordinary caution, which false pretence creates the credit given the accused,'" is applicable here.

It does not appear in the information nor in the indictment that the representation made was the sole inducement to the entering into of the contract. This is necessary. There is no allegation in the information or indictment as to how the copartners were defrauded. As we have previously said, the defendant represented an adjusting company, there was no misrepresentation about that, the contract was entered into and the adjuster stood ready to perform his part of the contract. We fail to see how the copartners were in anywise cheated or defrauded; they may have been lied to, but a lie as to a collateral matter is not sufficient upon which a false pretence can be founded.

Wherefore, we are of the opinion that the motion to quash should be sustained.

And now, April 14, 1924, upon due consideration, the indictment is quashed.

From Sidney E. Friedman, Harrisburg, Pa.